UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br>      Plaintiff,<br>v.<br><br>DIANE PERRY AND KENNETH HAGEN,<br>      Defendants.<br>_____/ | Case No.: 21-11128<br><br>Gerswhin A. Drain<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

# ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ALTERNATE SERVICE (ECF No. 7)

Plaintiff State Farm Fire and Casualty Company commenced the instant action on May 17, 2021. (ECF No. 1). On June 30, 2021, Plaintiff moved to serve Defendant Kenneth Hagen via alternate means. (ECF No. 7).

Plaintiff explains in its motion that it attempted to serve the Summons and Complaint for the current action on Defendant Hagen at his residence—618 Emmons Boulevard, Wyandotte, Michigan, 48192 (the "Emmons Boulevard Property")—but was ultimately unsuccessful. (*Id.* at PageID.97). Plaintiff's process server undertook four separate attempts, from June 17, 2021 to June 27, 2021, to serve Defendant Hagen at his home. (*Id.* at PageID.97, 103). Plaintiff represents that during these attempts, although it appeared someone was home based on the process server's observation of the presence of a vehicle in the

driveway, light emanating from within the home and/or a television being on in the home, neither Defendant Hagen nor anyone else answered the door. (*Id.*). Plaintiff's process server also left a business card at the Emmons Boulevard Property on three separate occasions, but despite over two weeks elapsing since the first card was left at the property, to date Defendant Hagen has not contacted the process server to arrange for service to occur. (*Id.* at PageID.97, 104). Further, the process server conducted a postal verification which confirmed the Emmons Boulevard Property is Defendant Hagen's current address. (*Id.* at PageID.97, 105).

Plaintiff also contacted Defendant Hagen's attorneys in an underlying lawsuit related to the instant action for assistance, including to request they accept service on behalf of Defendant Hagen, but the request was refused. (*Id.* at PageID.97, 107-09).

Pursuant to Federal Rule of Civil Procedure 4(e), service on an individual may be effectuated by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Michigan Court Rule 2.105 governs service of process in the State of Michigan. The rule allows for service of the summons and a copy of the complaint on a resident individual by personal delivery or registered certified mail, return receipt requested, and delivery restricted to the addressee. Mich. Ct. Rule 2.105(A).

The Michigan Court Rules permit alternate service where process cannot reasonably be made as provided by the rules. Mich. Ct. Rule 2.105(J)(1). Under Michigan law, "the court may by order permit a service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 2011 WL 5599388, at *1 (E.D. Mich. Nov. 16, 2011) (citing *Dehan v. Tsarnas*, 2010 WL 289967, at *4 (Mich. Ct. App. June 15, 2010) per curiam). Such alternate service may only be ordered on "a showing that service of process cannot reasonably be made as provided" otherwise. *Macomb Interceptor Drain Drainage Dist.*, 2011 WL 5599388 at *1. A plaintiff must

attempt to serve a defendant "by *all* available traditional methods" before alternate methods are appropriate. *Elec. Workers Local 58 Pension Trust Fund v. Rite Elec. Co.*, 2010 WL 4683883, at *1 (E.D. Mich. Nov. 10, 2010) (emphasis in original).

The Court finds Plaintiff's attempts to personally serve Defendant Hagen are not sufficient as to warrant alternate service at this juncture. Although, Plaintiff's process server made several attempts at in-person service at the Emmons Boulevard Property, Plaintiff has not attempted to serve Defendant Hagen by registered certified mail as permitted under Michigan Court Rule 2.105(A). Prior to seeking to serve a defendant by alternate methods a plaintiff must attempt to serve "by *all* available traditional methods" before alternate methods are appropriate. *Elec. Workers Local 58 Pension Trust Fund*, 2010 WL 4683883 at *1 (emphasis in original).

In the view of the Court, alternate service is not appropriate under these circumstances and Plaintiff's motion is **DENIED WITHOUT PREJUDICE**. If Plaintiff is unable to serve Defendant through certified registered mail, the court will reconsider alternate methods and whether Defendant is evading service.

**IT IS SO ORDERED**.

Date: July 13, 2021  s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

4