UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | Case No.: 21-11128 |
| Plaintiff, | Gerswhin A. Drain |
| v. | United States District Judge |
| DIANE PERRY AND KENNETH HAGEN, | Curtis Ivy, Jr. |
| Defendants. | United States Magistrate Judge |
| _____ / | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION
<u>FOR ALTERNATE SERVICE (ECF No. 10)</u>**

Plaintiff State Farm Fire and Casualty Company commenced the instant action on May 17, 2021. (ECF No. 1). On June 30, 2021, Plaintiff moved to serve Defendant Kenneth Hagen via alternate means. (ECF No. 7). On July 31, 2021, the motion was denied without prejudice and Plaintiff was directed to attempt service by registered certified mail, return receipt requested, and delivery restricted to the addressee per Michigan Court Rule 2.105. (ECF No. 9, PageID.117). On July 23, 2021, Plaintiff filed a renewed motion to serve Defendant Hagen via alternate means. (ECF No. 10). The motion was referred to the undersigned on August 5, 2021. (ECF No. 11).

Plaintiff explains in its motion that it attempted to serve the Summons and Complaint for the current action on Defendant Hagen at his residence—618

Emmons Boulevard, Wyandotte, Michigan, 48192 (the "Emmons Boulevard Property")—by certified mail per the Court's instruction but once again was ultimately unsuccessful. (ECF No. 10, PageID.121-22). Upon review of the green certified return receipt, Plaintiff noted that a copy of the summons and complaint was delivered to the Emmons Boulevard Property. (ECF No.10-4, PageID.138). However, the letter was not signed for, and was not requested to be signed for as it appears the United States Postal Service is still not seeking signatures on certified letters due to the COVID-19 pandemic. (*Id.*) (the phrase "LB CV 19" is written on both the Signature and Received By lines). Plaintiff's renewed motion also reiterates its prior attempts to serve Defendant Hagen personally and via his counsel in another matter pending in a local State of Michigan court. (ECF No. 10, PageID.121, 123).

Pursuant to Federal Rule of Civil Procedure 4(e), service on an individual may be effectuated by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

2

>  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Michigan Court Rule 2.105 governs service of process in the State of Michigan. The rule allows for service of the summons and a copy of the complaint on a resident individual by personal delivery or registered certified mail, return receipt requested, and delivery restricted to the addressee. Mich. Ct. Rule 2.105(A).

The Michigan Court Rules permit alternate service where process cannot reasonably be made as provided by the rules. Mich. Ct. Rule 2.105(J)(1). Under Michigan law, "the court may by order permit a service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 2011 WL 5599388, at *1 (E.D. Mich. Nov. 16, 2011) (citing *Dehan v. Tsarnas*, 2010 WL 289967, at *4 (Mich. Ct. App. June 15, 2010) per curiam). Such alternate service may only be ordered on "a showing that service of process cannot reasonably be made as provided" otherwise. *Macomb Interceptor Drain Drainage Dist.*, 2011 WL 5599388 at *1. A plaintiff must attempt to serve a defendant "by *all* available traditional methods" before alternate methods are appropriate. *Elec. Workers Local 58 Pension Trust Fund v. Rite Elec. Co.*, 2010 WL 4683883, at *1 (E.D. Mich. Nov. 10, 2010) (emphasis in original).

As directed by the Court, Plaintiff attempted to serve Defendant Hagen by certified mail. (ECF No. 10, PageID.121-22). Plaintiff has diligently attempted to effectuate service of process on Defendant Hagen who appears to be evading service of process. However, as the green certified return receipt was unexecuted by Defendant Hagen, a finding of proper service as requested by Plaintiff is not warranted. (*Id.* at PageID.122).

The Court finds at this juncture Plaintiff has satisfied its requirement to attempt to serve Defendant Hagen in the required traditional methods and thus alternate service is appropriate. Plaintiff's motion (ECF No. 10) is **GRANTED IN PART**. Plaintiff is required to effectuate service by the following means: (1) mailing a copy of the Summons and Complaint, along with this Order, to Defendant Hagen by first class mail to the Emmons Boulevard Property, and (2) posting the Summons and Complaint, as well as a copy of this Order, on the front door of the Emmons Boulevard Property. These methods of service are reasonably calculated to provide Defendant Hagen with notice of the instant action and an opportunity to be heard. Following completion of the previously mentioned methods of service, Plaintiff is to electronically file copies of the respective Certificates of Service.

**IT IS SO ORDERED**.

Date: August 18, 2021　　　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge