UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM FIRE AND CASUALTY
COMPANY,

        Plaintiff,

v.

DIANE PERRY, ET AL.,

        Defendants.
_____/

Case No. 21-cv-11128

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 25)

#### I. INTRODUCTION

Presently before the Court is Plaintiff State Farm Fire and Casualty Company's Motion for Reconsideration, filed on November 8, 2021.[1] ECF No. 25. Plaintiff requests that this Court reconsider its October 27, 2021 Order Denying Plaintiff's Motions for Default Judgment [ECF Nos. 15, 20] and *Sua Sponte* Dismissing Case with Prejudice (ECF No. 23). In its Order, the Court analyzed the *Grand Trunk* factors and declined to exercise jurisdiction over Plaintiff's declaratory

---

[1] State Farm moved for Reconsideration pursuant to E.D. Mich. LR 7.1(h). The rule was amended effective December 1, 2021 and now distinguishes between motions seeking review of final and non-final orders. Because Plaintiff filed its Motion before this change was made, the Court analyzes its Motion using the old legal standard.

1

judgment action. ECF No. 23, PageID.191. The Court concluded that, while declaratory judgment would clarify the legal relations at issue, *id.* at PageID.198-99, declaratory judgment would not settle the controversy, *id.* at PageID.197-98, the action was likely motivated by a race for *res judicata*, *id.* at PageID.199-200, exercising jurisdiction over the action would increase friction between federal and state courts, *id.* at PageID.200-01, and the better "alternative" remedy would have been for State Farm to wait for the state court to decide the issue, *id.* at PageID.201-02. Because all but one of the factors favored abstention, the Court declined to exercise jurisdiction over Plaintiff's declaratory judgment action, denied Plaintiff's motions for default judgment, and *sua sponte* dismissed the action with prejudice. *Id.* at PageID.202.

Plaintiff avers the Court erred in its judgment, specifically in its application of the *Grand Trunk* factors and in dismissing the case with prejudice. ECF No. 25. For the reasons discussed *infra*, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Reconsideration (ECF No. 25).

## II.   LAW & ANALYSIS

### A. Legal Standard

In this district, to succeed on a motion for reconsideration, the movant must demonstrate that there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case.

2

*InterVarsity Christian Fellowship/USA v. Bd. of Governors of Wayne State Univ.*, No. 19-10375, 2021 WL 2207370, at *2 (E.D. Mich. June 1, 2021); *see also Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

### B. Discussion

#### 1. The Court Will Not Exercise Jurisdiction Under the Declaratory Judgment Act

Plaintiff relies on *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 396 (2019) to argue the Court both improperly weighed and improperly applied the factors. ECF No. 25, PageID.212 ("Although the above formulation indicates the court should balance the five factors, we have never indicated the relative weights of the factors.") (quoting *Cole's Place, Inc.*, 936 F.3d at 396).

However, as Plaintiff points out, the Sixth Circuit stated, "[t]he relative weight of the underlying considerations of efficiency, fairness, and federalism will depend on facts of the case." *Cole's Place, Inc.*, 936 F.3d at 396 (citation and internal quotation marks omitted). Additionally, the *Cole's Place* court reaffirmed that "[t]he essential question is always whether [the] district court has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a

3

declaration would be useful and fair." *Id.* (citation and internal quotation marks omitted) (alterations in original).

As discussed *infra*, the Court only found a palpable defect in its analysis regarding one factor. Upon review, the Court has determined Factor Four: Friction Between Federal and State Courts does not favor abstention and instead is neutral. However, the Court finds the new distribution of the *Grand Trunk* factors still favor abstention. Thus, "correcting th[is] mistake [does not] change[] the outcome of the prior decision," E.D. Mich. LR 7.1(h), and the Motion for Reconsideration must be denied with respect to the Court's exercise of jurisdiction.

### i. Factors One and Two Settling the Controversy and Clarifying the Legal Relations at Issue

As described in the Court's order, the Sixth Circuit has developed two lines of cases analyzing the first *Grand Trunk* factor. "[S]everal cases hold that a declaratory judgment regarding coverage does 'settle the controversy,' because it resolves the dispute between the insurer and insured over who will pay for the state-court litigation." *Id.* at 397. Other cases hold such a judgment would not "settle the controversy" "because the ongoing state-court litigation can reach the same issues, and the insurer can be joined in that litigation or can defend against an indemnity action later brought by the state-court defendant." *Id*. These cases also sometimes "emphasize[] the existence of difficult or fact-bound issues of state law awaiting resolution in the state-court litigation." *Id*. Plaintiff argues the Court improperly

4

followed the second line of cases without addressing the *Cole's Place* analysis. ECF No. 25, PageID.213.

The Court acknowledges that the Sixth Circuit's "most recent decisions have held that district courts did not abuse their discretion in concluding that a declaratory judgment would settle the controversy by resolving the issue of indemnity." *Cole's Place*, 936 F.3d at 937. That is not the same, however, as holding that it is an abuse of discretion to conclude that a declaratory judgment would not settle the controversy by resolving the issue of indemnity.

The Sixth Circuit's analysis of the first factor relied heavily on the fact that no "issues relevant to the coverage controversy [were] actually and concurrently being litigated in state court." *Id.* at 398; *see also id.* ("Here, Cole's Place points to no proceeding in which parallel issues are being litigated."). Additionally, the Sixth Circuit concluded "a straightforward application of clear state law settles the issue of insurance coverage." *Id*.

Neither of these is the case here. The insurance coverage issue is presently before the state court. As described in the Court's Order, Hagen seeks in the state court "a [d]eclaratory [j]udgment to determine whether [Hagen]'s incident is covered by [Perry]'s policy of insurance with [State Farm]." ECF No. 23, PageID.199 (quoting ECF No. 1-3, PageID.78) (alterations in original).

5

Moreover, whether Hagen's incident is covered is based, in part, on factual determinations such as whether he was living on the property, renting the property, or was related to Perry. Plaintiff argues a warranty deed and Hagen's obituary establish he and Perry were married, making him an insured person at the time of his injury and precluding him from recovery under the policy. ECF No. 25, PageID.215. However, there is no warranty deed in the record. Additionally, Hagen's obituary states he was married to a "Diane Hagen," but the insurance policy is issued to, and the other party to this action, is a "Diane Perry." The state court is better positioned to determine whether Diane Hagen and Diane Perry are, in fact, the same person.[2] This is not a situation in which "efficiency considerations favor the exercise of federal jurisdiction, and fairness and federalism concerns do not counsel against it." *Id.* at 397. Thus, the Court finds no "palpable defect" in its determination that the first *Grand Trunk* factor favors abstention.

Because the Court found in Plaintiff's favor on the second *Grand Trunk* factor, the Court will not reassess its analysis here.

---

[2] The Court notes that allowing the state court, which has more of the underlying facts before it, to make this determination, may end up being preferable for State Farm. *See Orchard Hiltz & McCliment, Inc. v. Phx. Ins. Co.*, 676 Fed. Appx. 515, 519 (6th Cir. 2017) ("In a case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor.").

### ii. Factor Three: Procedural Fencing and Race for *Res Judicata*

Plaintiff argues the Court incorrectly decided the third *Grand Trunk* factor because this factor "usually does not weigh heavily in the analysis," *Cole's Place*, 936 F.3d at 399, and because State Farm filed this declaratory judgment action after Defendant Hagen filed his lawsuit.

The Court acknowledges the Sixth Circuit "*generally* do[es] not make a finding of procedural fencing if the declaratory-judgment plaintiff filed *after* the commencement of litigation in state court." *Id.* at 399 (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 558 (6th Cir. 2008)) (first emphasis added). However, as discussed above, unlike in *Cole's Place* and *Flower's*, the insurance coverage question was before the state court at the time Plaintiff filed its suit. Nor was insurance coverage before the state court in *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448 (6th Cir, 2003), which Plaintiff also cites in its discussion of this factor. Moreover, none of the insurance companies in these cases were parties to the underlying state action. *See, e.g., Flowers*, 513 F.3d at 558 ("Moreover, as Scottsdale was not a party to the state court action, the issue of its insurance coverage of Flowers was not before the state court. Thus, Scottsdale's attempt to clarify its legal obligations to Flowers in federal court cannot be construed as an attempt to create a race to judgment."). These cases are wholly distinct from Plaintiff's situation and the instant case.

7

Here, in contrast to Plaintiff's cited authority, insurance coverage is before the state court, and Plaintiff could have simply waited for the state court to reach a decision on the issue. Therefore, the Court finds the filing of the instant action can only be described as a race to judgment, and there was no "palpable defect" in its determination that the third *Grand Trunk* factor favors abstention.

### iii. Factor Four: Friction Between Federal and State Courts

Next, Plaintiff contends the fourth *Grand Trunk* factor weighs in favor of exercising jurisdiction over the dispute because doing so would not increase friction between federal and state courts or improperly encroach upon state court jurisdiction. ECF No. 25, PageID.217.

As the Court noted in its October 27, 2021 Order, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." ECF No. 23, PageID.200 (quoting *Flowers*, 513 F.3d at 560). Therefore, courts consider three additional sub-factors:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

The first subfactor is "whether the underlying factual issues are important to an informed resolution of the case." *Roumph*, 211 F.3d at 968. As Plaintiff points out, the *Cole's Place* court found the following while discussing the fourth factor:

> comparing the state lawsuits with USIC's declaratory-judgment complaint reveals no as-yet-unresolved factual issues that stand between a federal court and its informed resolution of the coverage question. Furthermore, to the extent the fourth *Grand Trunk* factor also requires asking whether the declaratory action would involve the district court in difficult questions of state law, *see, e.g.*, *Travelers*, 495 F.3d at 272–73, no such difficult issues are present here.

936 F.3d at 400. The Court agrees, and if faced with the same set of facts, would have determined similarly. The underlying tort in *Cole's Place* was a shooting, which was facially excluded from coverage under the policy in that case. *See id.* at 393 ("This insurance does not apply to 'bodily injury', 'property damage', or 'personal and advertising injury' arising out of or resulting from: (a) any actual, threatened or alleged assault or battery . . . ."). As the Sixth Circuit made clear, "even if factual issues remain about the shooter's intent, the modifying phrases in the exclusion make explicit that a legally proven assault or battery is not required. The policy excludes, among other things, 'any actual, threatened or *alleged* assault or battery.'" *Id.* (emphasis in original).

Here, Plaintiff alleges Hagen is excluded from coverage because he was (1) Perry's relative, ECF No. 1, PageID.4, (2) renting a portion of the property, *id.* at PageID.5, and/or (3) regularly residing on the property, *id.* at PageID.7. Unlike in

9

*Cole's Place*, neither the underlying tort in this case—Hagen's slip and fall in Perry's kitchen—nor the allegations in Hagen's complaint help the Court determine whether he satisfies any of Plaintiff's proffered exclusions. *See U.S. Fid. & Guar. Co. v. Citizens Ins. Co. of Am.*, 201 Mich. App. 491, 493 (1993) ("The duty of an insurance carrier to provide a defense in an underlying tort action depends upon the allegations in the complaint."). And, as discussed *supra*, the offered obituary is deficient to overcome the "unresolved factual issues." *Cole's Place*, 936 F.3d at 400.

Nevertheless, Plaintiff also argues the Court will not have to make any factual determinations. ECF No. 25, PageID.218. Specifically, it avers, "State Farm's declaratory action seeks a ruling as to whether, based on the allegations in the Complaint, it has a duty to defend or indemnify Ms. Perry in the Wayne County litigation based on the terms of her policy." *Id*. State Farm further contends, "[N]either Defendant [has] respond[ed] to the Complaint, meaning all of the allegation contained therein, including the ones that establish a duty to defend or indemnify Ms. Perry does not exist, are all admitted as a mater of law." *Id*.

The Court agrees with Plaintiff's assertion. The Clerk of Court has entered defaults against both Perry and Hagen, ECF Nos. 14, 19, so they have effectively conceded Plaintiff's allegations. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) ("Defendants have not moved to set these entries [of default]

10

aside, and are therefore deemed to have admitted all of Plaintiff's well-pleaded allegations.") (citing *Visioneering Constr. v. U.S. Fidelity and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)). Thus, "there are no factual issues remaining in the state court-litigation or complex state-law issues that are important to an informed resolution of this case" (*see* discussion of state law *infra*). *Cole's Place*, 936 F.3d at 401. Therefore, the Court finds this subfactor favors exercising jurisdiction.

The second subfactor is "whether the state trial court is in a better position to evaluate those factual issues than is the federal court." *Roumph*, 211 F.3d at 968. The *Cole's Place* court found the second subfactor neutral because the state law was clear and there were no unresolved factual issues. Because the same is true here, the Court also finds this subfactor is neutral.

The third subfactor is "whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory-judgment action." weighs in favor of abstention. *Id*. This factor favors abstention.

In Michigan, court's determine coverage by "examin[ing] the language of the insurance policy and interpret[ing] its terms in accordance with the principles of contract construction. *MEEMIC Ins. Co. v. Julien*, No. 266324, 2006 WL 1867922, at *1 (Mich. Ct. App. July 6, 2006). Clear and specific exclusions are to be given effect, but they are strictly construed in favor of the insured. *McKusick v. Travelers*

11

*Indemnity Co.*, 246 Mich. App. 329, 333 (2001). Thus, the state law is straightforward to apply.

However, "even in cases where state law has not been difficult to apply, this court has usually found that the interpretation of insurance contracts is closely entwined with state public policy." *Cole's Place*, 936 F.3d at 401. Moreover, "[n]o federal-law questions are involved in the coverage issue." *Id*. Thus, under similar circumstance, the Sixth Circuit found this subfactor favored abstention. *Id*.

In sum, the Court concludes the first subfactor favors exercising jurisdiction, the second is neutral, and the last favors abstention. Overall, the Court holds there was a "palpable defect" with its earlier determination, and the fourth *Grand Trunk* factor is neutral.

### iv. Factor Five: Availability of an Alternative Remedy

Plaintiff argues it was entitled to file the instant action in federal court under diversity jurisdiction, and that there is no requirement that it wait until the state court litigation is concluded to seek declaratory relief because it is also challenging its duty to defend in the underlying action. ECF No. 25, PageID.223.

However, the insurer in *Cole's Place* was also seeking a declaration that it had no duty to defend in the underlying state court action. Nevertheless, when analyzing the fifth *Grand Trunk* factor, the Sixth Circuit stated:

> This court has sometimes found an alternative remedy is "better" than federal declaratory relief if state law offers a declaratory remedy or if

> coverage issues can be litigated in state-court indemnity actions. *See, e.g.*, *Bituminous*, 373 F.3d at 816; *see also Travelers*, 495 F.3d at 273. Here, USIC could seek declaratory relief in a Kentucky court:
>
> . . .
>
> Although such a declaration would provide USIC with the same remedy it seeks in federal court, the state remedy has the advantage of allowing the state court to apply its own law. Therefore, the district court did not abuse its discretion in finding that the availability of a state-court alternative undermines the argument for jurisdiction. *See Flowers*, 513 F.3d at 562 ("We conclude that, rather than applying a general rule, our inquiry on this factor must be fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff.").

936 F.3d at 401-02.

Here, as in *Cole's Place*, Plaintiff can obtain declaratory relief in state court and doing so would allow the State of Michigan to apply it own law. The Court does not decline jurisdiction "solely because [the insurer] could have brought this case in the state court system." ECF No. 25, PageID.223 (quoting *State Farm Fire & Cas. Co. v. Stone*, 2017 WL 3017538, at *2 (E.D. Mich.2017)). Instead, the Court holds the balance of the factors weighs against exercising jurisdiction under these circumstances, as is the Court's discretion to determine. *Flowers*, 513 F.3d at 554.

### 2. The Matter Should Have Been Dismissed without Prejudice

The Court dismissed this matter with prejudice in conformity with other courts in this District. However, this constituted a "palpable defect" as it prevents Plaintiff

13

from seeking relief in state court. Thus, the Court grants the Motion for Reconsideration with respect to Plaintiff's request for dismissal without prejudice.

### III. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Reconsideration (ECF No. 25). Specifically, the Court **DENIES** the Motion with respect to Plaintiff's request for the Court to retain jurisdiction over the declaratory judgment action and **GRANTS** the Motion with respect to Plaintiff's request for the action to be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Court's October 27, 2021 Order (ECF No. 23) is **VACATED IN PART** as to the dismissal of Plaintiff's declaratory judgment action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's declaratory judgment action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: January 18, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 18, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager